**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
***Northern Division***

**LOU MONTGOMERY and** *
**MELISSA MONTGOMERY H/W**
*
**Plaintiffs,**
*
**v.** **Civil Action No.: 1:14 CV 01520-RDB**
*
**CSX TRANSPORTATION, INC. c/o**
**Corporation Creation Network, Inc., et al.***

**Defendants** *

* * * * * * * * *

**DEFENDANT JAMCO PRODUCTS, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**

COMES NOW Defendant Jamco Products, Inc. ("Jamco"), by and through its attorneys J. Gregory Donlin and Semmes, Bowen & Semmes pursuant to F.R.C.P. 12 (b)(6), and moves to dismiss the Complaint for Failure to State a Claim upon which relief can be granted.

## INTRODUCTION

Plaintiffs Lou Montgomery and Melissa Montgomery filed this Complaint against Defendant CSX Transportation, Inc. and Jamco Products, Inc. The Plaintiffs contend that Lou Montgomery suffered personal injuries on October 5, 2013 while employed by CSX Transportation, Inc. at its Cumberland yard. Count I of the Complaint named CSX Transportation and is a Count under the Federal Employers Liability Act.

Counts II and III name Jamco Products, Inc. as a Defendant. Lou Montgomery is Plaintiff under Count II for personal injuries. Count III is a loss of consortium claim by Lou and Melissa Montgomery which incorporate the allegations of Count II as to the incident of October 5, 2013.

This Motion is directed to the Plaintiff'S failure to sufficiently plead specific facts to state a cause of action in Counts II and III.

Plaintiff Lou Montgomery claims that he was injured while using a cart allegedly manufactured by Jamco Products, Inc. Count II seems to allege various theories of recovery: negligence, products liability and breach of various warranties.

Plaintiffs' boilerplate Complaint fails to meet sacrosanct requirement that parties plead more than conclusory allegations to survive a motion to dismiss. The United States Supreme Court has emphasized that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to "unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Ashcroft v. Iqbal*, 129 S. Ct. 1937,1949-1950 (2009).

Here, Plaintiffs' claims are conclusory, omit essential elements, and lack sufficient factual matter to state a claim upon which relief can be granted. Plaintiff's vague and ambiguous allegations lack the required level of specificity necessary to sustain any claim against Jamco, let alone permit Jamco to frame a proper answer, and therefore must be dismissed.

As to negligence, the Complaint fails to allege necessary specific facts, i.e. that Jamco owed a duty of care to the Plaintiffs, breached the duty, and that such breach proximately caused the Plaintiffs' damages. Plaintiffs fail to specifically plead or set forth allegations which would establish the necessary elements of a negligence claim.

Plaintiffs also fails to set forth any specific facts to establish a cause of action based on products liability. Plaintiff fails to allege specific facts as to the claimed defect, the condition of the product when it left premises of Jamco, how it was unreasonably dangerous and its condition when received by CSX.

Plaintiffs' broad allegations without support of specific facts also fails to support a cause of action for breach of any warranties. Plaintiffs plead no specific facts regarding when the cart was manufactured, if alleged warranties were written or implied, what written or oral warranties were made, nor what if any written warnings should have been placed on the cart.

Count II also alleges "negligence per se" which is not a cause of action under Maryland law.

Accordingly, the Court should dismiss the Complaint against Jamco Products, Inc. with prejudice.

## LEGAL STANDARD

### MOTION TO DISMISS

The U.S. Supreme Court has explained that, in ruling on a motion to dismiss, a court should not accept unwarranted inferences or sweeping legal conclusions cast in the form of factual allegations, and that a plaintiff has the obligation to provide the "grounds of his entitlement to relief," which requires "more than labels and conclusions." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007) (internal quotations omitted). A plaintiff must allege enough facts to "raise a right to relief above the speculative level" *Id.* at 1965. Unsupported legal conclusions couched as facts are not entitled to any assumption of truth. *Ashcroft*, 129 S. Ct. at 1950.

Under F.R.C.P. 8 (a)(2), a complaint must state those facts "showing that the pleader is entitled to relief. . ." The court may dismiss a complaint if it fails to state a viable claim upon which relief may be granted. F.R.C.P. 12(b)(6).

**ARGUMENT**

**I. THE COMPLAINT FAILS TO STATE A CLAIM FOR NEGLIGENCE.**

Maryland Courts have often said that "[i]t is axiomatic that the mere happening of an accident standing alone does not give rise to it presumption of negligence." *Unsatisfied Claim & Judgment Fund Board v. Bowles*, 25 Md. App. 558, 563 (1975) (citations omitted).

To support a claim for negligence plaintiff must allege sufficient facts to establish: 1) That the defendant was under a duty to protect the plaintiff from injury; 2) That the Defendant breached the duty; 3) The plaintiff suffered damages; and 4) That the plaintiff's damages were proximately caused by defendant's breach of duty. *Valentine v. On Target,* 353 Md. 544, 549, 727 A 2d 947, 949 (1999).

Plaintiffs fail to set out specific facts that establish whether Jamco owed Plaintiffs a duty and if so, the nature of that duty. Plaintiffs also failed to plead specific facts as to how Jamco allegedly breached that duty.

Paragraph 39 of the Complaint alleges that a cart failed "as a result of improper welds and/or metal fatigue." In Paragraph 13 of the Complaint though Plaintiffs allege that CSXT, purchaser of the cart, determined the specifications of the cart including the materials from which the cart was constructed and determined the method of construction. Paragraph 15 alleges that CSXT made an improper choice in the ordering of this cart. These paragraphs imply that the cart in fact met the

specifications called for on the order by the purchaser CSXT but that CSXT made an improper choice of product.

Plaintiff's allegations in paragraph 39 of the possibility of metal fatigue certainly is consistent with the theories expressed in paragraphs 13 through 18 of an improper choice of product, and not that there were any breaches of standards of care by Jamco. Plaintiff's Complaint also fails to allege specific facts as to how metal fatigue or failed welds caused his injuries. He states that he was holding a tool box and as he was about to place it on the cart, the cart broke. In paragraph 39 Plaintiff states that he had not had a chance to let go of the tool box. Plaintiff therefore fails to set forth specific facts as to how the fracture of welds or metal fatigue could have proximity caused personal injuries.

Plaintiff's "shotgun" approach in making scattered and unsupported allegations reveal Plaintiff's true intent, which is to open the doors to discovery with factually unsupported claims, a untenable situation condemned by the *U.S. Supreme Court. Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-1950 (2009).

Jamco is entitled to know the alleged failures of which it stands accused. Without any properly supported allegations regarding the alleged duty, failures of Jamco or when such acts occurred, the Complaint fails to state a claim for negligence upon which relief can be granted and must be dismissed.

## II. THE COMPLAINT FAILS TO STATE A CLAIM FOR "BREACH OF EXPRESS AND/OR IMPLIED WARRANTY."

In Paragraphs 34 and 35 of the Complaint, Plaintiffs purport to make claims for breach of warranties of merchantability , fitness, safety "and other appropriate warranties." Plaintiffs' styling

of the count fails to make clear what claims are being made. No specific facts are alleged to support any warranty claims.

**A. Any implied warranty claim fails as a matter of law.**

It is not clear which implied warranty Plaintiffs refer to in their Complaint. The Complaint fails to set forth specific facts in support of any claim for a breach of implied warranty.

An implied warranty of fitness for a particular purpose requires three elements: 1) the seller must have known the buyer's particular purpose; 2) the seller must have reason to know the buyer is relying upon the seller's skill or judgment to furnish appropriate goods; 3) the buyer must rely upon the seller's skill or judgment. *Ford Motor Co.*, 365 Md. at 342. A "particular purpose" differs from the ordinary purpose for which the goods are used in that it envisages a specific use by the buyer which is peculiar to the nature of his business. Id at 343.

A claim for breach of implied warranty of merchantability requires that: "[P]laintiff must prove the existence of a defect at the time the product leaves the manufacturer. . ." *Ford Motor Company v. General Accident Insurance Company*, 365 Md 321 at 334, 779 A 2d 362 at 369. Plaintiff's Complaint fails to set forth specific facts as to a defect and as to whether the claimed defect was of design or manufacture, a necessary element of a claim for breach of an implied warranty of merchantability. *Ford Motor Company* 365 Md at 334, 779 A 2d 362 at 369.

Further, Plaintiffs must be required to plead the dates at issue to permit Jamco to determine whether to assert limitations as a defense. Plaintiffs should be required to plead more than the bare and conclusory allegations in paragraphs 34 and 35.

**B. Plaintiffs' Complaint fails to allege any facts that could establish a breach of expressed warranty**

In order to plead a cause of action for breach of express warranty, Plaintiff's must set forth the terms and conditions of the warranty and the alleged breach. "Without these, no conclusion can be drawn that such a cause of action exists." *Thomas v. Ford Motor Company*, 48 Md. App 617 at 624, 429 A 2d 277 at 282-283.

**III. The Complaint fails to state a claim for products liability**

Plaintiffs fails to plead specific facts showing: 1) That the product was in a defective condition at the time it left the possession or control of the seller; 2) That it was unreasonably dangerous to the user or consumer; 3) That the defect was the cause of injuries; and 4) That the product was expected to and did reach the consumer without substantial change in condition, all required in Maryland. *Owings-Illinois, Inc. v. Zenobia,* 325 Md 420, 432, 601 A 2d 633, 639; *Phipps v. General Motors Corp.*, 278 Md 337, 334, 363 A 2d 955, 958 (1976).

Paragraph 52 of Plaintiffs' Complaint goes on to allege that the product was defective because it lacked necessary warnings and instructions. Plaintiffs fail to allege specific facts as to what the danger was that required a warning and the nature of any warnings that should have been made by Jamco.

**CONCLUSION**

A "court must retain the power to insist upon some specificity in pleading before allowing a potentially massive factual controversy to proceed." *Bell Atlantic Corp.*, 127 S. Ct. at 1967. Plaintiffs' Complaint is too vague and ambiguous with respect to every claim and Jamco should not be required to waste time and money framing an answer to the Complaint in its current form.

Since Plaintiffs have filed this lawsuit, the burden should properly rest on Plaintiffs to fully apprise Jamco of the facts and claims at issue in this case. Plaintiffs' Complaint should therefore be dismissed as to Jamco.

Respectfully submitted,

*/s/ J. Gregory Donlin*

J. Gregory Donlin (Fed. Bar No. 02455)
Semmes, Bowen & Semmes
25 South Charles Street, Suite 1400
Baltimore, Maryland 21201
Telephone No.: (410) 576-4732
Facsimile No.: (410) 576-4788
jdonlin@semmes.com
***Counsel for Defendant, Jamco Products, Inc.***