## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF BALTIMORE

|  |  |
|---|---|
| LOU MONTGOMERY and<br>MELISSA MONTGOMERY H/W | :    CIVIL ACTION |
| : | :    JURY TRIAL DEMANDED |
| Plaintiffs, | : |
| : | :    NO.: 1:14 CV – 01520 - RDB |
| v. | : |
| CSX TRANSPORATION, INC.<br>c/o Corporation Creation Network, Inc. | : |
| and | : |
| JAMCO PRODUCTS, INC. | : |
| Defendants | : |

ORDER

**AND NOW** this          day of                    , 2015, upon consideration of Plaintiffs' Motion

to Compel More Specific Answers from Defendant, Jamco Products, Inc., it is hereby **ORDERED**

that said Motion is **GRANTED** and Defendant, Jamco Products, Inc., is hereby **ORDERED** and

**DECREED** are to provide within ten days from the date of this Order, full, complete, thorough

and accurate answers to Plaintiffs' Interrogatories and Request for Production of Documents.

_____

U.S.D. J.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF BALTIMORE

| | | |
|---|---|---|
| LOU MONTGOMERY and | : | CIVIL ACTION |
| MELISSA MONTGOMERY H/W | : | |
| | : | JURY TRIAL DEMANDED |
| Plaintiffs, | : | |
| | : | NO.:  1:14 CV – 01520 - RDB |
| v. | : | |
| CSX TRANSPORATION, INC. | : | |
| c/o Corporation Creation Network, Inc. | : | |
| | : | |
| and | : | |
| | : | |
| JAMCO PRODUCTS, INC. | : | |
| | : | |
| Defendants | : | |

### PLAINTIFFS' MOTION TO COMPEL
### MORE SPECIFIC ANSWERS FROM DEFENDANT, JAMCO PRODUCTS INC.

Plaintiffs, by their counsel, Coffey Kaye Myers & Olley, respectfully move this Honorable Court to compel the Defendant, Jamco Products, Inc., to provide more specific and thorough responses to its discovery.  In support of this motion, the following is stated:

1.      This lawsuit was filed on May 8, 2014.  Claims against CSX Transportation Inc., were brought pursuant to the Federal Employers Liability Act.  Claims against Jamco Products Inc., were brought under Maryland Products Liability and Negligence Law.

2.      On March 17, 2015, counsel for Plaintiff served J. Gregory Donlin, Esquire, counsel for Jamco, with Interrogatories and Request for Production of Documents.  (Exhibit "A")

3.      The Interrogatories contained fifteen questions (Exhibit "B") and a Document Request contained twenty requests (Exhibit "C").

4.      Jamco Products Inc., neither responded to Plaintiffs' discovery nor objected to Plaintiffs' discovery within the thirty days required by the Federal Rules of Civil Procedure.

5.      On April 29, 2015, counsel for Plaintiffs wrote to Mr. Donlin, counsel for Jamco, requesting that full and complete responses to the discovery requests be served within the next ten (10) days.  (Exhibit "D")

6.      On May 29, 2015, Mr. Olley again asked Mr. Donlin for answers to Plaintiffs discovery requests.

7.      On June 16, 2015, Lawrence A. Katz, Esquire, counsel for Plaintiffs, email Mr. Donlin, counsel for Jamco, indicating that Plaintiffs had still not received any discovery responses from Jamco.  The email further stated that in addition to receiving normal responses, certain additional information was requested. (Exhibit "E")

8.      Mr. Donlin responded by apologizing for the delay, and requesting an additional two weeks to provide discovery.  (Exhibit "E")

9.      By email dated June 19, 2015, counsel for Plaintiffs, Lawrence A. Katz, Esquire agreed to granting an additional two weeks for Jamco to file its discovery responses.  One of the reasons for this extension is that Jamco claimed that it was unable to identify the cart based on pictures it had been given and by this time a Jamco representative had actually personally inspected and observed the defective cart in question.  (Exhibit "E")

10.     By email dated June 23, 2015, Mr. Donlin thanked Mr. Katz for agreeing to the extension of time.  (Exhibit "E")

11.     On July 7, 2015, Jamco, through Mr. Donlin, provided certain documents in addition to its responses to Plaintiffs' Interrogatories and Request for Documents.  (Exhibit "F")

12.     Jamco's answers to Plaintiffs' Interrogatories are attached as (Exhibit "G") and its answers to Plaintiffs' Request for Production of Documents are attached as (Exhibit "H").

13.     By email dated July 13, 2015, Mr. Katz informed counsel for Jamco, Mr. Donlin, that there were certain inadequacies with Jamco's discovery responses.  He further requested that

these deficiencies be corrected.

14.     As of the filing of this motion, despite repeated requests, and almost four months after Jamco's responses were due, Jamco has still not provided full, thorough and complete responses to either Plaintiffs' Interrogatories or document requests.

15.     The specific discovery requests of the Plaintiffs, discovery response of Jamco, and the deficiencies are set forth in the attached Schedule A.

16.     The purpose of the federal discovery rules is "to avoid surprise and the possible miscarriage of justice, to disclose fully the nature and scope of the controversy, to narrow, simplify and frame the issues involved, and to enable a party to obtain the information needed to prepare for trial." *See* 8 *Charles Alan Wright & Arthur R. Miller*, Federal Practice and Procedure § 2001 (2d ed. 1987); *Comstock Potomac Yard, L.C. v. Balfour Beatty Consir., LLC,* 2009 U.S. Dist. Lexis 73206 (E.D. Va. Aug. 14, 2009).

17.     Trial by ambush is abhorrent to the Federal Rules of Civil Procedure, *NLRB v. Robbin Tire & Rubber Co.*, 437 U.S. 214, 253 (1978) (Congressional judgment [is] expressed in the Federal Rules of Civil Procedure that 'trial by ambush,' well may disserve the cause of truth.") (Internal citations omitted).

18.     The consistent refusal of Defendant, Jamco to provide full, complete, thorough and accurate discovery responses is unduly prejudicial to the Plaintiffs and contrary to Jamco's obligations under the Federal Rules of Civil Procedure.

WHEREFORE, Plaintiffs respectfully move this Honorable Court to enter an Order compelling Jamco, within ten days, to file full, complete, thorough, and accurate answers to Plaintiffs' Interrogatories and Request for Production of Documents.

Respectfully submitted:

COFFEY KAYE MYERS & OLLEY

By: _____
MICHAEL J. OLLEY, ESQUIRE
Identification No. 56118
LAWRENCE A. KATZ, ESQUIRE
Identification No. 30261
Two Bala Plaza, Suite 718
Bala Cynwyd, PA   19004
(610)  668-9800 - Telephone
(610)  667-3352 - Facsimile

Date:  8/14/2015

## CERTIFICATE OF SERVICE

MICHAEL J. OLLEY, ESQUIRE, counsel for plaintiff, being duly sworn according to law, hereby certifies that on April 7, 2015 he served by U.S. First Class Mail, postage pre-paid, the attached Plaintiffs' Motion to Compel More Specific Answers from Defendant, Jamco Products, Inc., to the following:

Amy Askew, Esquire
Ryan A. Mitchell, Esquire
Kramon & Graham, P.A.
One South Street
Suite 2600
Baltimore, MD  21202-3201

J. Gregory Donlin, Esquire
Semmes, Bowen & Semmes
Suite 1400
25 South Charles Street
Baltimore, MD  21201

COFFEY KAYE MYERS & OLLEY

By: _____
    MICHAEL J. OLLEY, ESQUIRE
    Identification No. 56118
    LAWRENCE A. KATZ, ESQUIRE
    Identification No. 30261
    Two Bala Plaza, Suite 718
    Bala Cynwyd, PA  19004
    (610) 668-9800 - Telephone
    (610) 667-3352 - Facsimile

Date: 8/17/2015

## PLAINTIFFS' COUNCIL'S LOCAL RULE 104:7: CERTIFICATION

LAWRENCE A. KATZ, ESQUIRE, counsel for the plaintiffs, does hereby certify that the

parties have complied with Local Rule 104:7. The details of that compliance are contained in

paragraphs two through thirteen of the forgoing motion.

COFFEY KAYE MYERS & OLLEY

By: _____
    LAWRENCE A. KATZ, EQUIRE
    Identification No. 30261
    MICHAEL J. OLLEY, ESQUIRE
    Identification No. 56118
    Two Bala Plaza, Suite 718
    Bala Cynwyd, PA 19004
    (610) 668-9800 – Telephone
    (610) 667-3352 – Facsimile

# SCHEDULE OF
# DEFICIENT DISCOVERY RESPONSES

## PLAINTIFFS' INTERROGATORIES DIRECTED TO
## DEFENDANT, JAMCO

NOW COME plaintiffs above-named, by counsel, and make demand that defendant, Jamco, answer the following Interrogatories relative to the accident and injuries set forth in the Complaint, under oath, pursuant to the Federal Rules of Court.

**PLEASE NOTE THAT THE FEDERAL RULES OF CIVIL PROCEDURE REQUIRE YOU TO SUPPLEMENT YOUR ANSWERS AS NEW INFORMATION IS OBTAINED OR AS INFORMATION CHANGES.**

DEFINITION:

Attached to these Interrogatories is a photograph of several carts and the Jamco label on one of those carts believed to be manufactured and/or sold by Jamco to CSXT (perhaps through a distributor). Any Interrogatories concerning the subject and/or similar cart involve one of the type those depicted in the attached photograph.

INTERROGATORIES:

1.    With regard to the carts depicted in the attached photograph, did you manufacture them, and if so, identify their model number, product name, and the purpose of said product as well as the model number of the cart involved in plaintiff-husband's accident.

**Answer No. 1:** It is impossible to tell from the photographs attached to Plaintiff's Interrogatories whether Jamco manufactured the carts or any particular cart. As to the cart, that was inspected on May 28, 2015, assuming that the Jamco sticker was an original sticker applied by Jamco, the cart appears to be manufactured by Jamco. Model SL236. It is 24" wide and 36" long. It has two shelves. It has 8" x 2" bolt on rubber wheels.

***DEFICIENCY:*** *Even though Jamco and its representatives had the opportunity to inspect the actual cart involved in this accident, Jamco has still not adequately answered this interrogatory. Jamco has not provided the model number, model name, and the purpose of the particular cart involved in this accident.*

2.       With regard to the carts depicted in the attached photograph, did you sell these carts to CSXT, directly and/or through an intermediary, and if so, state the date of the sale, the price of each unit, name and address of the intermediary and/or intermediaries, the date the order was placed and the date that the order was delivered.

**Answer No. 2:**  The Defendant does not sell carts directly to end users. Its carts are distributed by independent third-party distributors. This Defendant cannot determine when or if the carts depicted in the photographs were manufactured by Jamco.

*DEFICIENCY:*       *None.*

3.       Describe the process used to manufacture the cart, with particular attention to the various metal pieces of the subject or similar cart.

**Answer No. 3:**  Metal components are provided by third-parties. A welder welds the component parts together, except for the wheels. The assembled parts are then ground, cleaned and painted. Then the caster wheels are assembled to the cart.

*DEFICIENCY:*       *This answer does not provide sufficient detail for any person to fully understand the manufacture and welding process.*

4.       Describe the process used to assemble the various metal pieces into the subject or similar cart.   (For example, are they welded or is some other process used?   If welded, are the pieces welded by a machine or by a person?   What welding process is used?   Etc.)

**Answer No. 4:**  See Answer to Interrogatory No. 3. MIG welds are used.

*DEFICIENCY:*       *It is insufficient to simply designate that MIG welds are used. The question seeks a process and there is no discussion of the process that the cart undergoes during its manufacture and assembly.*

5.       Please explain the entire quality control process which the subject or similar carts undergo go before leaving your manufacturing facility.

**Answer No. 5:**  The welder keeps a constant lookout for quality control as the component parts are welded together. Another person is in charge of grinding and cleaning. He also inspects the product including the welds and materials for quality control. The person who installs the caster wheels also inspects prior work done for quality.

*DEFICIENCY:*        *The interrogatories seeks the quality control process. To merely indicate that someone keeps a look out for quality control is insufficient. The answer does not indicate what the defendant considers to be quality control, what the welder and other employees are looking for, the type of tests that are performed on the product and other details concerning the nature of the inspection that the employees are supposed to perform.*

6.        Please describe in detail all testing that the subject or a similar cart undergoes after it has been manufactured or assembled to make certain that the completed cart has been properly manufactured or assembled according to your standards and any other relevant government, industry, OSHA, ANSI or ASTM standards or regulations.

**Answer No. 6:**  Defendant objects to this Interrogatory to the extent that it does not elicit facts but rather invades attorney-client privilege and potentially seeks legal strategy regarding legal standards or regulations. As to factual information elicited regarding testing, See Answer to Interrogatory No. 5.

*DEFICIENCY:*        *Defendant waived its right to object to this or any interrogatory when it failed to file objections within thirty days after the interrogatory was served. Furthermore, the details concerning the testing that a cart undergoes after it has been manufactured or assembled to make certain that it has been properly manufactured or assembled according to the companies standards or other relevant standards or regulations is neither work product nor client privilege. This interrogatory seeks purely factual information on post manufacture/assembly testing. Reference to attorney discussions, etc. are unnecessary and are not sought.*

7.     Please specify all federal regulations, industry standards, ANSI standards or ASTM standards applicable to the subject or similar carts.

**Answer No. 7:**  Defendant objects to this Interrogatory as potentially calling for information which is attorney-work product. Further, the Interrogatory seeks to shift the burden of proof and production from Plaintiff to Defendant.

*DEFICIENCY:        The defendant has waived its right to object because it did not object within thirty days after having been served with the interrogatory. By way of further answer, the federal regulations, industry standards, and ASTM standards, are all within the common business knowledge of the defendant and should not be involved in any attorney work product. The statement that the interrogatories seeks to shift the burden of proof and production is in the nature of an objection and has also been waived.*

8.     At any time between the delivery to CSXT of the subject cart depicted in the attached photograph, and October 5, 2013, did you perform any setup, maintenance, repairs, or adjustments on any of these carts.  If so, please specify the date it was performed, the reason it was performed, a detailed description of the work that was performed, by whom the work was requested, by whom the work was performed and the cost of performing the work.

**Answer No. 8:**  This Defendant cannot determine when or if any subject carts as depicted in the photographs attached to Plaintiff's Interrogatories were manufactured. This Defendant did not provide any carts directly to CSXT. At no time has this Defendant performed any set up, maintenance, repairs or adjustments of any carts of CSXT.

*DEFICIENCY:        None.*

9.     At any time after October 5, 2013 to the present, did you perform any setup, maintenance, repairs, or adjustments on any of the carts depicted in the attached photograph and at CSXT.  If so, please specify the date it was performed, the reason it was performed, a detailed description of the work that was performed, by whom the work was requested, by whom the work was performed

and the cost of performing the work.

> **Answer No.9:**   See Answer to Interrogatory No. 8.

*DEFICIENCY:*   *None.*

10.   At any time prior to the service of this lawsuit did you conduct an investigation into the accident which plaintiff-husband alleges occurred on October 5, 2013.   If your answer is yes, please state the date and/or dates of your investigation or inquiry, by whom it was performed, the nature of your investigation and inquiry, and the results and conclusions of your investigation or inquiry.

> **Answer No. 10:** In October 2011, Fastenal contacted Jamco. The Fastenal representative indicated that CSXT had reported one of their employees was injured as he was using a Jamco cart. Mike Cornachia also spoke with a representative of Jamco about the incident. Jamco wanted to send a representative immediately to inspect the cart involved. The request was refused. No other investigation has been undertaken prior to the filing of the lawsuit.

*DEFICIENCY:*   *None.*

11.   Do you allege that CSXT or plaintiff-husband's supervisors or co-workers in any way caused or contributed to the accident involved in this litigation?   If yes, please state your contentions in detail and set forth all witnesses, documents and other information upon which your contentions are based.

> **Answer No. 11:** Apparently, the cart had been in use by CSXT for a prolonged period of time. This Defendant has no personal knowledge about particular circumstances of the use of the cart while in the possession of CSXT. It has no information about the weight loads which the cart was subjected to or the manner of use or misuse. This Defendant is also without personal knowledge as to what if any visual indications may have been present on this cart prior to the incident which should have appraised a reasonable person in the position of the Plaintiff husband or CSXT of the need for further inquiry and/or the need to not use the cart in the manner in which it was being used. According to the photographs and inspection of the cart involved in the alleged incident, the cart had to have been

used heavily for a prolonged period of time. If Plaintiff misused the cart by overloading it, or in other ways such as dropping heavy loads on it or not loading it evenly, then Plaintiff caused or contributed to the accident. If CSXT did not perform regular inspections and maintenance of the carts then CSXT contributed to the occurrence.

*DEFICIENCY:*        *None.*

12.        Do you contend that the plaintiff-husband caused or contributed to the accident involved in this litigation.   If yes, please state your contentions in detail and set forth all witnesses, documents and other information upon which your contentions are based.

**Answer No. 12:** See Answer to Interrogatory No. 11.

*DEFICIENCY:*        *None.*

13.        Do you contend that the subject cart was abused, misused, or substantially changed at any time prior to husband-plaintiff's October 5, 2013 accident, and if so, explain your contentions in detail.

**Answer No. 13:** See Answer to Interrogatory No. 11.

*DEFICIENCY:*        *While answer 11 states the general conditions which would have constituted abuse, misuse or substantial change, it does not set forth Jamco's contentions concerning whether those circumstances occurred.*

14.        During the 10 years before this accident, are you aware of any other incidents where similar carts failed or broke during use, and if so, please specify the model of the cart involved, the date of the incident, the nature of the break or failure, how the cart was being used at the time it broke or failed, the identity of the owner and ultimate user of the cart when it failed or broke, the cause of the break or failure, whether the incident resulted in a claim and if so the name of the claimant and attorney and their respective contact information.

**Answer No. 14:**  No.

*DEFICIENCY:*        *Based on discovery to date plaintiff believes that this answer may be inaccurate.*

*Several of the Jamco carts that were sold to CXST had faulty welds. It is improbable that only carts sold to CXST were defective. Therefore, it is also improbable that there were no other circumstances where similar carts failed or broke during use. It is respectfully requested that the Court ordered Jamco to revisit this question and supplement the answer.*

15.    Set forth in detail each and every liability or other insurance policy in force, on the accident date.   This question is directed to each and every level of insurance, and primary and/or excess insurance coverage.   As to each insurance policy, specify the name of the insurance carrier(s), the policy number, all named insured (primary, secondary, and any other designated insured), the insured's deductible, and the amount of insurance coverage.   If self-insured, for all or any monetary part of a liability claim, so state and include all of the details concerning the self-insured limits or obligations.

**Answer No. 15:** Defendant is insured under a policy of general liability insurance issued by ACE Insurance Company.

*DEFICIENCY:    Interrogatory 15 asks several detailed questions concerning the insurance policy and insurance coverage. The defendant has not answered any of those details. Instead, it merely identifies the insured.*

## PLAINTIFFS' REQUESTS FOR PRODUCTION OF DOCUMENTS
## DIRECTED TO
## DEFENDANT, WHITING CORPORATION

Pursuant to the Federal Rules of Civil Procedure, please produce the following documents and/or things to the undersigned attorney, at Coffey Kaye Myers & Olley, Suite 718, Two Bala Plaza, Bala Cynwyd, Pennsylvania 19004, within 30 days.

**PLEASE NOTE THAT THE RULES OF CIVIL PROCEDURE REQUIRE YOU TO SUPPLEMENT YOUR ANSWERS AS NEW INFORMATION IS OBTAINED OR AS INFORMATION CHANGES.**

DEFINITION:

Attached to these Requests is a photograph of several carts and the Jamco label on one of those carts believed to be manufactured and/or sold by Jamco to CSXT (perhaps through a distributor). Any Interrogatories concerning the subject and/or similar cart involve one of the type those depicted in the attached photograph.

REQUESTS FOR PRODUCTION OF DOCUMENTS:

With respect to the carts depicted in the photograph attached hereto, kindly produce the following documents:

      1.     All instructions, parts lists, assembly directions, operations directions, manuals and other literature that accompanies the product to the end user.

      **Response to Request No. 1:**    Cart came fully assembled. See Plaintiff's website which contain catalogue, warranty and capacity information. Also see attached excerpts of a prior catalogue for a SL236 model cart.

*DEFICIENCY:*    *None of the documents requested were provided. Defendant's reference to the current website does not guarantee that the materials requested, at the time that this cart was manufactured and distributed, are the same.*

      2.     A copy of all instructional videotapes, photographs, digital material, internet based material, or other instructional materials concerning the subject product that were provided to the

end user of this product and/or available to the end user from the company, and any online or social media source, or through any other means.

**Response to Request No. 2:**    The Defendant posts a current catalogue on its internet site which describes various products including model SL236 carts. The Defendant believes that the representations currently on the website for this model cart have not changed. The information includes the manner of fabrication, products used and options available. It also includes various weight capacities based on the types and models of the carts. A copy of the catalogue which was available around the time of this incident is attached.

*DEFICIENCY:*      *The defendant only "believes" that the information obtained on this website is the same information for the cart involved in this accident. Such belief is not sufficient. Plaintiff has requested and is entitled to specific information and documentation for the cart in question.*

3.    Any and all documents containing specifications for said carts, including but not limited to weight capacity of the entire cart and each self of the cart.

**Response to Request No. 3:**    See Response to Request No. 2.

*DEFICIENCY:*      *The defendant only "believes" that the information obtained on this website is the same information for the cart involved in this accident. Such belief is not sufficient. Plaintiff has requested and is entitled to specific information and documentation for the cart in question.*

4.    All documents including sales and/or maintenance contracts concerning the sale and delivery of the subject and similar carts to CSXT, whether directly or through an intermediary.

**Response to Request No. 4:**    Defendant Jamco did not sell products directly to CSXT. In October 2013, Fastenal, a distributor of Jamco Products contacted Jamco regarding the Plaintiff's alleged injuries. Fastenal indicated that it felt that the cart involved was one of the series of carts shipped by Jamco to Fastenal in December 2011. Defendant Jamco has searched its records and has retrieved an order, an invoice and a bill of lading for (3) SL236 carts sold to Fastenal in December 2011 for delivery of three SL236 carts to Fastenal. Defendant has no way of knowing whether the cart involved in this incident was one of the three. Additionally, CSXT could have purchased Jamco model SL236 carts from any number of distributors at any time since the product was first manufactured in

1999.

*DEFICIENCY:*      *None.*

5.      Any documents concerning plaintiff-husband's accident involved in this lawsuit.

**Response to Request No. 5:**      Defendant objects to this Request as potentially calling for information protected as attorney-work product and attorney-client communication. Without waiving these objections, this Defendant is in possession of documents provided by Plaintiff husband and the Co-Defendant CSXT in this lawsuit and identified and made exhibits to the deposition of Lou Montgomery. Defendant is also in possession of various documents received pursuant to subpoenas or records propounded by Co-Defendant CSXT.

*DEFICIENCY:*      *Defendant has waived its objection to this request because it failed to make the objection within thirty days after the request was served. Furthermore, the defendant has failed to produce a privilege log identifying all the types of documents that fall within this category and the reason for the alleged objection.*

6.      Any correspondence to, from and/or between CSXT and Jamco concerning plaintiff-husband's accident and/or the subject and/or similar carts.

**Response to Request No. 6:**      None.

*DEFICIENCY:*      *None.*

7.      Any correspondence to, from and/or between any of Jamco's distributors and Jamco concerning plaintiff-husband's accident and/or the subject and/or similar carts.

**Response to Request No. 7:**      See Response to Request No. 4.

*DEFICIENCY:*      *None.*

8.      Any correspondence to, from and/or between CSXT and Jamco concerning any maintenance, repairs and/or complaints that had been made or requested with respect to the subject and similar carts, that were made or that had been suggested with respect to the subject or similar carts, whether before or after the accident date.

**Response to Request No. 8:**      None.

*DEFICIENCY:*      *None.*

9.      All documents pertaining to any investigations or inquiries made concerning plaintiff-husband's accident.

**Response to Request No. 9:**      Defendant objects to this Request as calling for information privileged as attorney-work product or attorney-client communication.

*DEFICIENCY:        Defendant has waived its objection to this request because it failed to make the objection within thirty days after the request was served. Furthermore, the defendant has failed to produce a privilege log identifying all the types of documents that fall within this category and the reason for the alleged objection.*

10.      Any documents submitted to any insurance company concerning plaintiff-husband's accident.

**Response to Request No. 10:**      Defendant objects to this Request as calling for information privileged as attorney-work product, attorney-client communication and/or compiled in anticipation of litigation.

*DEFICIENCY:        Defendant has waived its objection to this request because it failed to make the objection within thirty days after the request was served. Furthermore, the defendant has failed to produce a privilege log identifying all the types of documents that fall within this category and the reason for the alleged objection.*

11.      Any sales catalogs, sales brochures, advertising material, or similar documents concerning the subject or similar carts as depicted in the attached photograph.

**Response to Request No. 11:**      See Response to request No. 1.

*DEFICIENCY:        None of the documents requested were provided. Defendant's reference to the current website does not guarantee that the materials requested, at the time that this cart was manufactured and distributed, are the same.*

12.      The entire contents of any investigation file or files and any other documentary material in your possession which support or relate to the allegations of plaintiffs' Complaint (excluding references to mental impressions, conclusions or opinions representing the value or merit of the claim or

defense or respecting strategy or tactics and privileged communications from, and to,   counsel).

**Response to Request No. 12:**   See Response to request No. 9.

*DEFICIENCY:      Defendant has waived its objection to this request because it failed to make the objection within thirty days after the request was served. Furthermore, the defendant has failed to produce a privilege log identifying all the types of documents that fall within this category and the reason for the alleged objection.*

13.     Any and all statements concerning the action, as defined by the Rules, from all witnesses including any statements from the plaintiff-husband and the other parties herein, or their respective agents, servants, workmen and/or employees.

**Response to Request No. 13:**   See response to request No. 5. Additionally, transcript of deposition of Plaintiff Lou Montgomery.

*DEFICIENCY:       None.*

14.     All statements prepared or made by the plaintiff-husband, whether or not signed, relating to the subject accident and/or injuries.

**Response to Request No. 14:**   See response to request No. 13.

*DEFICIENCY:       None.*

15.     All photographs, motion pictures, video-tapes or similar items of the plaintiff-husband.

**Response to Request No. 15:**   See Response to Request No. 5.

*DEFICIENCY:       Defendant has waived the right to object to this request as it failed to do so within thirty days after the request was served on it. Furthermore, plaintiff is entitled to know about the existence of photographs, motions picture, video tapes or similar items. A complete privilege log is requested.*

16.     Any and all documents containing the names and home and business addresses of all individuals contacted as potential witnesses.

**Response to Request No. 16:**   See Response to Request No. 9.

*DEFICIENCY:       Defendant has waived its objection to this request because it failed to make the*

*objection within thirty days after the request was served. Furthermore, the defendant has failed to produce a privilege log identifying all the types of documents that fall within this category and the reason for the alleged objection.*

      17.    Reports of any and all experts who will testify at trial.

      **Response to Request No. 17:**    None at this time.

*DEFICIENCY:*    *None.*

      18.    Any and all medical records, physician's reports and bills, hospital records or abstracts of same, which relate in any way to the injuries allegedly sustained by plaintiff-husband, as well as the treatment of any similar injuries prior or subsequent to the occurrence in question.

      **Response to Request No. 18:**    See Response to Request No. 5.

*DEFICIENCY:*    *Defendant has waived its objection to this request because it failed to make the objection within thirty days after the request was served. Furthermore, the defendant has failed to produce a privilege log identifying all the types of documents that fall within this category and the reason for the alleged objection.*

      19.    Copies of all insurance policies, in their entirety, in force at the time of this accident.

      **Response to Request No. 19:**    A copy of the declaration page will be provided.

*DEFICIENCY:*    *There is no reason that the defendant has not provided a full and complete copy of all insurance policies. The answer that the defendant will only provide the declaration page is inadequate. Furthermore, the defendant has not yet even provide that. Combined with defendant's complete failure to responsively answer the interrogatories concerning insurance, defendant's conduct is intended to withhold important insurance information from the plaintiff's and this cannot be tolerated.*

      20.    All documents in any way relating to any other incidents during the 10 years before this accident where similar carts failed or broke during use.

      **Response to Request No. 20:**    None.

*DEFICIENCY:*    *For the reason set forth in the interrogatory answer concerning prior reports of*

*problems, plaintiffs do not believe that this answer is accurate. Plaintiff therefore respectfully request that the Court compels the defendant to revisit this request and to search further for these documents.*