# EXHIBIT "B"

**COFFEY, KAYE, MYERS & OLLEY**
BY:  MICHAEL J. OLLEY, ESQUIRE
  Identification No. 56118
  LAWRENCE A. KATZ, ESQUIRE
  Identification No. 30261
Two Bala Plaza, Suite 718
Bala Cynwyd, PA   19004
(610)  668-9800  -  Telephone
(610)  667-3352  -  Facsimile

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF BALTIMORE

| | |
|---|---|
| LOU MONTGOMERY and<br>MELISSA MONTGOMERY H/W<br><br>Plaintiffs,<br><br>v.<br>CSX TRANSPORATION, INC.<br>c/o Corporation Creation Network, Inc.<br><br>and<br><br>JAMCO PRODUCTS, INC.<br><br>Defendants | CIVIL ACTION<br><br>JURY TRIAL DEMANDED<br><br>NO.:  1:14 CV – 01520 - RDB |

### PLAINTIFFS' INTERROGATORIES DIRECTED TO DEFENDANT, JAMCO PRODUCTS, INC.

NOW COME plaintiffs above-named, by counsel, and make demand that defendant, Jamco, answer the following Interrogatories relative to the accident and injuries set forth in the Complaint, under oath, pursuant to the Federal Rules of Court.

**PLEASE NOTE THAT THE FEDERAL RULES OF CIVIL PROCEDURE REQUIRE YOU TO SUPPLEMENT YOUR ANSWERS AS NEW INFORMATION IS OBTAINED OR AS INFORMATION CHANGES.**

DEFINITION:

Attached to these Interrogatories is a photograph of several carts and the Jamco label on one of those carts believed to be manufactured and/or sold by Jamco Products, Inc. to CSXT (perhaps

through a distributor). Any Interrogatories concerning the subject and/or similar cart involve one of the type those depicted in the attached photograph.

**INTERROGATORIES:**

1. With regard to the carts depicted in the attached photographs, did you manufacture them, and if so, identify their model number, product name, and the purpose of said product as well as the model number of the cart involved in plaintiff-husband's accident.

2. With regard to the carts depicted in the attached photographs, did you sell these carts to CSXT, directly and/or through an intermediary, and if so, state the date of the sale, the price of each unit, name and address of the intermediary and/or intermediaries, the date the order was placed and the date that the order was delivered.

3. Describe the process used to manufacture the cart, with particular attention to the various metal pieces of the subject or similar cart.

4. Describe the process used to assemble the various metal pieces into the subject or similar cart. (For example, are they welded or is some other process used? If welded, are the pieces welded by a machine or by a person? What welding process is used? Etc.)

5. Please explain the entire quality control process which the subject or similar carts undergo go before leaving your manufacturing facility.

6. Please describe in detail all testing that the subject or a similar cart undergoes after it has been manufactured or assembled to make certain that the completed cart has been properly manufactured or assembled according to your standards and any other relevant government, industry, OSHA, ANSI or ASTM standards or regulations.

7. Please specify all federal regulations, industry standards, ANSI standards or ASTM standards applicable to the subject or similar carts.

8. At any time between the delivery to CSXT of the subject cart depicted in the attached photograph, and October 5, 2013, did you perform any setup, maintenance, repairs, or adjustments on any of these carts. If so, please specify the date it was performed, the reason it was performed, a detailed description of the work that was performed, by whom the work was requested, by whom the work was performed and the cost of performing the work.

9. At any time after October 5, 2013 to the present, did you perform any setup, maintenance, repairs, or adjustments on any of the carts depicted in the attached photographs and at CSXT. If so, please specify the date it was performed, the reason it was performed, a detailed description of the work that was performed, by whom the work was requested, by whom the work was performed and the cost of performing the work.

10. At any time prior to the service of this lawsuit did you conduct an investigation into the accident which plaintiff-husband alleges occurred on October 5, 2013. If your answer is yes, please state the date and/or dates of your investigation or inquiry, by whom it was performed, the nature of your investigation and inquiry, and the results and conclusions of your investigation or inquiry.

11. Do you allege that CSXT or plaintiff-husband's supervisors or co-workers in any way caused or contributed to the accident involved in this litigation? If yes, please state your contentions in detail and set forth all witnesses, documents and other information upon which your contentions are based.

12. Do you contend that the plaintiff-husband caused or contributed to the accident involved in this litigation. If yes, please state your contentions in detail and set forth all witnesses,

documents and other information upon which your contentions are based.

13. Do you contend that the subject cart was abused, misused, or substantially changed at any time between the date of manufacture and prior to husband-plaintiff's October 5, 2013 accident, and if so, explain your contentions in detail.

14. During the 10 years before this accident, are you aware of any other incidents where similar carts failed or broke during use, and if so, please specify the model of the cart involved, the date of the incident, the nature of the break or failure, how the cart was being used at the time it broke or failed, the identity of the owner and ultimate user of the cart when it failed or broke, the cause of the break or failure, whether the incident resulted in a claim and if so the name of the claimant and attorney and their respective contact information as well as case name and jurisdiction of any litigation arising therefrom.

15. Set forth in detail each and every liability or other insurance policy in force, on the accident date. This question is directed to each and every level of insurance, and primary and/or excess insurance coverage. As to each insurance policy, specify the name of the insurance carrier(s), the policy number, all named insureds (primary, secondary, and any other designated insured), the insured's deductible, and the amount of insurance coverage. If self-insured, for all or any monetary part of a liability claim, so state and include all of the details concerning the self-insured limits or obligations.

Respectfully submitted,

COFFEY KAYE MYERS & OLLEY

BY: _____
MICHAEL J. OLLEY
Attorney for Plaintiffs

## CERTIFICATE OF SERVICE

I, MICHAEL J. OLLEY, ESQUIRE, certifies that on March 17, 2015 the foregoing Interrogatories Addressed to Defendant, Jamco, was served upon the persons and in the manner indicated below:

Served by First Class Mail as follows:

| | |
|---|---|
| Amy Askew, Esquire<br>Kramon & Graham, P.A.<br>One South Street<br>Suite 2600<br>Baltimore, MD   21202-3201 | J. Gregory Donlin, Esquire<br>Semmes, Bowen & Semmes<br>Suite 1400<br>25 South Charles Street<br>Baltimore, MD   21201 |

COFFEY KAYE MYERS & OLLEY

BY: _____
MICHAEL J. OLLEY
Counsel for Plaintiff