# EXHIBIT B

LAW OFFICES
## KRAMON & GRAHAM, P.A.
ONE SOUTH STREET
SUITE 2600
BALTIMORE, MARYLAND 21202-3201
TELEPHONE: (410) 752-6030
FACSIMILE: (410) 539-1269

WWW.KRAMONANDGRAHAM.COM

AMY E. ASKEW
DIRECT DIAL
(410) 319-0512

E-MAIL
aaskew@kg-law.com
DIRECT FACSIMILE
(410) 361-8219

April 29, 2016

**<u>VIA FIRST-CLASS MAIL AND
ELECTRONIC MAIL</u>**
Lawrence A. Katz, Esquire
Coffey Kaye Myers & Olley
718 Two Bala Place
Bala Cynwyd, Pennsylvania 19004

Re:   *Montgomery, et ux. v. CSX Transportation, Inc., et al.*
      Case No.: 14-cv-01520-SAG

Dear Larry:

I am in receipt of your letter of today's date cancelling the depositions of Dr. Larkin and Mrs. Montgomery. I appreciated the call in advance advising me of the contents of the letter.

In your letter, you relayed a message from Dr. Larkin's office manager (which you received this morning) indicating that the deposition had to be cancelled. According to her message, Dr. Larkin had to go out of the country. I find it difficult to believe that his office manager did not know until one business day prior to the deposition that her boss was going to be out of the country. For whatever reason, this is unacceptable.

You also advised that you were unilaterally cancelling the deposition of Mrs. Montgomery scheduled for May 3rd, because your office does not wish to make more than one trip to Western Maryland for the depositions. Your note did not reflect that Mrs. Montgomery, who is a party, is unavailable, much less that you or Mr. Olley had a conflict with that date (which you cannot say, in light of the fact that her deposition was scheduled to accommodate Mr. Olley's schedule). I am also not aware that counsel for Jamco, who noted the deposition, agreed to its cancellation. Please confirm that you will not be making your client available for her scheduled deposition on May 3rd.

We have 15 business days until the close of discovery. As you know, between now and the close of discovery, Ryan and I have very little time available for depositions. Please be

08322/88/02091821.DOCXv1

Lawrence A. Katz, Esquire
April 29, 2016
Page 2 of 3

advised that we will not be cancelling any existing appointments in order to accommodate the rescheduling of Dr. Larkin's and Mrs. Montgomery's depositions. Further, CSXT will not agree to conduct any discovery beyond the May 20th deadline. I will remind you that when we discussed modifying the schedule to accommodate Mr. Donlin's health related absence, Mr. Montgomery would not agree to extend the dispositive motions date beyond June 7, 2016. Accordingly, CSXT reserves the right to object to Plaintiff calling at trial any witness who has not been made available at a mutually agreeable time for deposition prior to the close of discovery. Additionally, I write to remind you that you agreed that the IME report of Dr. Cohen would not be due until 10 days after the deposition of Dr. Larkin.

During our conversation today, you also casually referenced prior discussions we have had regarding potential stipulations at trial. You will recall that after Mr. Lieberman's deposition, and in light of his testimony, we discussed reaching out to our clients about exploring potential stipulations on certain medical and damages issues. On April 20, 2016, during a telephone conversation, you indicated to me that your client was not interested in pursuing those discussions. After relaying to my client your rejection of any discussion about potential stipulations, my client asked me not to pursue those discussions any further. As a result, I am currently not authorized to enter into any stipulations with you.

Please let me know if you have any questions.

Sincerely,

Amy E. Askew

cc:  J. Gregory Donlin, Esquire (*via electronic and first-class mail*)
     Scott Phillips, Esquire (*via electronic and first-class mail*)
     Ryan A. Mitchell, Esquire (*via electronic mail*)